STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

**ALLIANCE COAL, LLC,**
**Employer Below, Petitioner**

**vs.)    No. 19-0859** (BOR Appeal No. 2054280)
                        (Claim No. 2016011244)

**RICHARD HEATH,**
**Claimant Below, Respondent**


**MEMORANDUM DECISION**

Petitioner Alliance Coal, LLC, by Counsel James W. Heslep, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Richard Heath, by Counsel M. Jane Glauser, filed a timely response.

The issue on appeal is medical benefits. The claims administrator denied payment for a September 3, 2018, Wheeling Hospital visit on September 27, 2018. On December 18, 2018, in two separate decisions, the claims administrator denied a request from Adam Tune, M.D., for referral to a podiatrist and denied requests from Dr. Tune and Danny Fijalkowski, DPM, for authorization of a vascular study. The Workers' Compensation Office of Judges ("Office of Judges") affirmed the decision in its May 8, 2019, Order. The Order was reversed by the Board of Review on August 27, 2019, insofar as it denied a vascular study. The Board of Review determined that the decisions regarding authorization of the Wheeling Hospital visit and referral to a podiatrist were premature until it could be determined if the left big toe is a compensable component of the claim.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Heath, a coal miner, injured his left lower leg on October 25, 2015, when it was pinned between a rail car and a coal rib. Treatment notes from Wheeling Hospital Emergency Room indicate Mr. Heath was treated for lower leg/foot/ankle swelling, numbness, and altered sensation.

1

X-rays showed a left ankle fracture. Mr. Heath underwent surgery the following day to repair his open ankle fracture. He was diagnosed with ischemic left lower extremity and left distal tibia fracture. Vascular evaluation showed good perfusion in the left foot.

The Employees' and Physicians' Report of Injury was completed on October 29, 2015, and indicated Mr. Heath sustained a left ankle fracture in the course of his employment. The physician's section was completed by Cary Amundson, M.D. The claim was held compensable for left tibia fracture on November 3, 2015. On November 5, 2015, David Hubbard, M.D., performed an open reduction and internal fixation of the left tibia fracture, removal of external fixator, and application of an incisional wound VAC. The post-operative diagnosis was status post open left tibial fracture, status post external fixation, and vascular injury.

On December 15, 2016, Jeffrey Kann, M.D., performed an independent medical evaluation in which he diagnosed posttraumatic arthritis of the left ankle joint, posttraumatic swelling of the left leg, and tarsal tunnel syndrome. He did not believe Mr. Heath had chronic regional pain syndrome. Dr. Kann found that he had reached maximum medical improvement. The claims administrator held the claim compensable for displaced pilon fracture of the left tibia, posttraumatic osteoarthritis of the left ankle, and tarsal tunnel syndrome of the left lower limb on January 3, 2017. Complex regional pain syndrome was denied as a compensable condition.

Bruce Guberman, M.D., performed an independent medical evaluation on March 23, 2017, in which he found sensitivity to touch, pitting edema, discoloration, temperature difference, hair growth difference, and muscle weakness in the left lower extremity. Dr. Guberman diagnosed chronic regional pain syndrome. He found that Mr. Heath had reached maximum medical improvement and required continued medication and follow-ups for monitoring.

On September 8, 2017, the Office of Judges reversed a claims administrator's decision and added complex regional pain syndrome to the claim. It also authorized a request from Adam Tune, M.D., for left lumbar sympathetic blocks. On October 6, 2017, the Office of Judges reversed a claims administrator's decision and granted temporary total disability benefits. Both Orders were subsequently affirmed by the Board of Review.

Dr. Kann performed an independent medical evaluation on November 16, 2017, in which he noted that since his last evaluation, complex regional pain syndrome had been added to the claim. Dr. Kann opined that Mr. Heath did not suffer from complex regional pain syndrome. He noted that he found no physical findings or subjective complaints consistent with the condition. Dr. Kann opined that Mr. Heath's symptoms and findings are consistent with posttraumatic arthritis and swelling. Dr. Kann concluded that he had reached maximum medical improvement.

On November 27, 2017, Christopher Martin, M.D., performed an independent medical evaluation in which he opined that Mr. Heath did not suffer from complex regional pain syndrome. Dr. Martin noted that he suffered an ankle fracture that involved the vascular system. Based on x-rays, the fracture did not fully heal. Dr. Martin opined that Mr. Heath did not require treatment for complex regional pain syndrome even if it were a compensable condition.

On June 11, 2018, the claims administrator authorized a request from Dr. Tune for a trail dorsal root ganglion stimulation. Mr. Heath sought treatment on September 3, 2018, from Wheeling Hospital Emergency Room for pain and throbbing in the left big toe. It was noted that he developed cellulitis in his left leg a year prior and the infection spread to his big toe. Mr. Heath was diagnosed with a toenail infection and given medication. Payment for the September 3, 2018, treatment was denied on September 27, 2018. The claims administrator noted that Mr. Heath was seen for a left toe infection, which is not a compensable condition in the claim.

In a December 12, 2018, letter, Dr. Martin opined that Mr. Heath's left toe infection was not related to the compensable injury. Dr. Martin stated that when he evaluated Mr. Heath on November 27, 2017, he reported that his left big toe nail had turned black one-year prior with no reinjury. Dr. Martin determined that the left toe condition was not related to the compensable injury given the considerable time between the injury and the onset of symptoms. Dr. Martin noted that there were no signs of infection in the left toe when he last evaluated Mr. Heath in November of 2017. He also noted that Dr. Hubbard noted no signs of left toe infection when he evaluated Mr. Heath in August of 2017. Dr. Martin stated that he considered whether the infection could have resulted from swelling. He ultimately determined that such a scenario was unlikely and that infection under the toenail was an unusual place to experience such a complication. Further, both he and Dr. Hubbard found only mild swelling.

Mr. Heath returned to Dr. Tune on December 14, 2018. Dr. Tune found mild swelling and skin color changes in the left ankle/foot as well as a small area of redness in the left big toe. He diagnosed complex regional pain syndrome and chronic pain due to trauma. He recommended a trial dorsal ganglion stimulation. That same day, Dr. Tune requested authorization of a referral to a podiatrist for the left big toe. He stated that he was unable to proceed with the dorsal ganglion stimulator trial due to a left big toe infection. The toe needed to be further evaluated. Dr. Tune also stated that Mr. Heath reported ongoing left big toe problems since the compensable injury.

In a December 17, 2018, treatment note, Dr. Fijalkowski evaluated Mr. Heath for pain in the left big toe. Mr. Heath reported that his left big toenail turned black approximately a year after his compensable injury. He further stated that his lost his left big toenail four times since it turned black. Dr. Fijalkowski diagnosed onychomycosis and recommended a vascular study. The claims administrator denied Dr. Tune's request for referral to a podiatrist on December 18, 2018. In a separate decision that day, it also denied requests from Dr. Tune and Dr. Fijalkowski for authorization of a vascular study.

Mr. Heath testified in a January 7, 2019, deposition that he developed pain, swelling, range of motion restriction, and bruising in his left big toe following his compensable injury. He denied any toe problems prior to the compensable injury. Mr. Heath testified that he experienced repeated episodes of his left big toenail turning black and falling off and subsequent infections in the toe itself.

In its May 8, 2019, Order, the Office of Judges affirmed the claims administrator's decisions denying authorization of a September 3, 2018, Wheeling Hospital visit, Dr. Tune's request for referral to a podiatrist, and requests from Dr. Tune and Dr. Fijalkowski for authorization

3

of a vascular study. The Office of Judges found that all of the treatment requests at issue are aimed at treating onychomycosis, a noncompensable condition. It further found that there are no requests of record to add the condition to the claim. Therefore, the requested treatment is not necessary or reasonably related to a compensable condition.

The Office of Judges noted that Mr. Heath argued the requested treatment should be authorized because onychomycosis is a complication of complex regional pain syndrome. The Office of Judges determined that the weight of the evidence fails to support the assertion. The Office of Judges noted that onychomycosis is a fungal infection resulting from organisms in the atmosphere, and while Mr. Heath submitted literature stating that prior injury can predispose a nail to fungal infection, the evidence fails to establish such a causal connection in this case. A preponderance of the evidence fails to support Mr. Heath's assertion that he experienced left toe symptoms since the compensable injury. The injury occurred in October of 2015 and the record contains no documentation of abnormal left big toe findings until Dr. Guberman's March 23, 2017, independent medical evaluation. Additionally, Dr. Martin opined that the long period of time between the injury and the development of symptoms does not support a causal connection.

The Office of Judges found no credible medical evidence in the record linking the left toe fungal infection to the compensable injury. Dr. Tune's request for referral to podiatry was based on Mr. Heath's assertion that he had experienced left big toe symptoms since the compensable injury occurred. Further, Dr. Tune did not directly address causality. Dr. Martin opined that the condition was not related to the compensable injury, and Dr. Fijalkowsi did not comment on causality. The Office of Judges ultimately affirmed the claims administrator's decisions denying the requested treatment.

On August 27, 2019, the Board of Review reversed the Office of Judges' Order insofar as it denied a vascular study. It determined that decisions regarding authorization of the Wheeling Hospital visit and referral to a podiatrist were premature until it could be determined if the left great toe is a compensable component of the claim. The Board of Review found that a vascular study should be authorized. Vascular issues were noted from the date of Mr. Heath's injury. Notes from both left ankle surgeries indicate vascular issues, and Dr. Fijalkowski noted problems and recommended vascular studies. The Board of Review therefore concluded that a preponderance of the evidence indicates that vascular studies are medically necessary and reasonably required treatment for the compensable injury.

After review, we agree with the reasoning and conclusions of the Board of Review. A vascular study is necessary in this case. Vascular issues have been noted since Mr. Heath's compensable injury occurred and in operative notes from both of his left ankle surgeries. Dr. Martin noted in his independent medical evaluation that the claimant sustained a left ankle injury with vascular issues. The claimant's treating physician, Dr. Tune, also found evidence of a vascular injury. Finally, Dr. Fijalkowski found vascular issues on his examination and recommended a vascular study. Mr. Heath has shown by a preponderance of the evidence that a vascular study is necessary in this case to determine if he sustained a compensable vascular injury.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it so clearly wrong based upon the evidentiary record that even when all inferences are resolved in favor of the Board of Review's findings, reasoning and conclusions, there is insufficient support to sustain the decision. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: February 19, 2021**

**CONCURRED IN BY:**

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton